STEELMAN, Judge,
concurring.
I fully concur with the legal reasoning and result set forth in the opinion, but write separately to again express concern over the state of our law of restrictive employment covenants in the context of our increasingly integrated global economy.
At the time that our law in the area of restrictive employment covenants was developed, much of our commerce was local, and restrictive covenants were imposed only to protect specific local interests. Any covenants that attempted to protect broader commercial interests were held to be invalid as an improper restraint of trade. Today’s economy is global in nature. In the instant case, plaintiff conducts a very specialized niche type of business, but its scope is worldwide, rather than being focused upon a few counties in North Carolina. Our Supreme Court should re-evaluate the law of restrictive covenants in the context of changed economic conditions to allow restrictions upon competing business activities for a specific period of time, limited to a specific, narrow type of business, but with fewer geographic limitations.